No. 84-191

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF

PHILIP LANCE REDFERN,

        Petitioner and Appellant,

   and

NANCY LEE REDFERN,

        Petitioner and Respondent.

---

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. Brian Tierney, Butte, Montana

    For Respondent:

        Henningsen & Purcell; Mark A. Vucurovich,
Butte, Montana

---

Submitted on Briefs:  Oct. 18, 1984

Decided:  December 20, 1984

Filed: 

_Ethel M. Harrison_

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Philip L. Redfern appeals from an order of the District Court of the Second Judicial District denying his motion for modification of child support decree.

Philip L. Redfern, petitioned the district court on November 3, 1983, to modify the child support provision of his prior June 22, 1981, dissolution decree. Nancy L. Redfern responded to the modification petition and cross petitioned for contempt based upon Philip's failure to pay delinquent monthly child support payments. Both parties testified at the hearing on the petition on January 13, 1984. The district court's findings, conclusions and order dated April 5, 1984, denied petitioner's motion for modification, held petitioner in contempt of the June 1981 dissolution decree and ordered petitioner to pay all child support arrearages and reasonable attorney's fees for cross-petitioner, Nancy L. Redfern.

Nancy and Philip Redfern's joint petition to dissolve their marriage was finalized in a decree of dissolution dated June 22, 1981. Nancy was granted custody of their two sons, Keith, born September 19, 1968, and Gregory, born June 16, 1965. Philip was obligated to child support pursuant to the following provision of the decree:

> "3. PHILIP LANCE REDFERN is hereby ordered to pay the sum of ONE HUNDRED FIFTY DOLLARS ($150.00) per month each for the support of the children, GREGORY JOSEPH REDFERN and KEITH EDWARD REDFERN, on the first day of each month commencing July 1, 1981, and continuing, respectively, until such child reaches majority and continuing thereafter, so long as such child regularly attends an educational institution during a period of four (4) years after completion of grade twelve (12)." (emphasis added)

The Redferns, represented by the same attorney, mutually agreed upon these terms regarding the child custody and

support. Both of them met with their attorney to discuss their understanding of the terms of their joint petition before signing the document.

Gregory became eighteen on June 16, 1983. Testimony of his parents reveals that Gregory received an academic scholarship for his books and tuition at Montana Tech for the 1983-84 school year. Gregory matriculated September 1983. He worked at the Black Angus and purchased a 1977 Chevy Blazer in July 1983, which he financed with Montana Bank of Butte on his own signature.

Philip moved the district court to modify the dissolution decree and reduce his child support obligation by one hundred and fifty dollars per month, based upon these change of circumstances in Gregory's life. Philip Redfern appeals from the trial court's order denying his motion for modification, and presents the following issues:

1. Whether the district court erred by not finding the provision of the joint petition relative to child support past the age of majority unconscionable.

2. Whether the district court erred in concluding the evidence showed no substantial change of circumstances which rendered the child support provision unconscionable.

3. Whether the district court erred in finding the appellant in contempt if he fails to pay respondent child support for Gregory Joseph Redfern.

4. Whether the district court erred in awarding respondent attorney fees.

We find substantial, credible evidence reflected in the record supports the trial court's findings. Finding no abuse of discretion this Court affirms the trial court's judgment.

Appellant presents a novel legal theory to challenge conscionability of the child support provision. He claims

3

that at the time of signing and verifying the joint petition for dissolution he did not fully understand the "legal effects" of the support provision. He further claims that since the provision does not define the terms "educational institution" and "regularly attend" the child support provision is rendered unconscionable. No evidence was presented at the hearing to support this contention. Clearly, Montana Tech is an accredited school which reasonably qualifies as an "educational institution." Gregory's full academic scholarship for the 1983-84 school year, unequivocally contemplates "regular attendance." Absent supporting credible evidence or authority this argument is without merit.

Statutory guidelines for modification of a prior dissolution decree are succinctly promulgated in § 40-4-208, MCA, the relative language of which provides:

"2. * * *

"b. Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under sub-section (1) may only be made:

"i. upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; or

"ii. upon written consent of the parties;"

"Written consent of the parties" is not an alternative in this case. Change of circumstances resulting in unconscionability of the original decree is the singular consideration for modifying Redfern's June 1981 dissolution decree. The facts that Gregory obtained majority, received an academic scholarship for attendance to Montana Tech, worked while attending school, and financed the purchase of a vehicle, are not circumstances which abrogate his father's support obligation.

4

The June 1981 decree clearly obligates Philip to support Gregory with $150 per month until he reaches eighteen years of age and thereafter for four years of college, if Gregory pursued further education. Gregory's scholarship and other amibitious endeavors hardly constitute a change in circumstances causing the child support to become unconscionable.

The first two issues are dispositive of the remaining issues. Once the trial court determined that the child support decree of June 1981 remained valid, it was inherently within the power of the trial judge to find Philip in contempt for delinquent payments. Reasonable attorney fees are permissible in a contempt action.

We affirm the district court's denial of appellant's motion for modification of prior dissolution decree.

_____
Justice

We concur:

_____

_____

_____

_____
Justices